```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
KING QUALITY CONSTRUCTION INC.,

                Plaintiff,                   MEMORANDUM & ORDER
                                             21-CV-01414 (JS)(ARL)
      -against-

KING SIDING & GUTTERS INC.,

                Defendant.
---------------------------------X
APPEARANCES

For Plaintiff:      Marc A. Pergament, Esq.
                    Weinberg, Gross & Pergament, LLP
                    400 Garden City Plaza, Suite 309
                    Garden City, New York 11530

For Defendant:      Unrepresented
```

SEYBERT, District Judge:

Presently before the Court is Plaintiff King Quality Construction Inc.'s ("hereafter, "Plaintiff") letter-request seeking an expedited hearing and Order: (1) holding Defendant King Quality Siding & Gutters (hereafter, "Defendant"), and its shareholders and officers, including Arjan Bajraktari (hereafter "Mr. Bajraktari"), in contempt of the Default Judgment entered and Ordered by this Court on December 4, 2023 (hereafter "Default Judgment Order", ECF No. 30); (2) awarding Plaintiff sanctions and attorneys' fees against Defendant, and its shareholders and officers, including Mr. Bajraktari, for failing to comply with the Default Judgment Order; and (3) granting any such further relief

the Court deems just and proper (see Letter-request, ECF No. 35; Motion to Expedite, ECF No. 36), (hereafter and collectively, "Motion for a Contempt Order").

"[D]istrict Courts have the inherent power to find a party in contempt for bad faith conduct violating the court's orders." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). Indeed, the contempt power "serves to protect the due and orderly administration of justice and to maintain the authority and dignity of the court." CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016) (quotation marks and alterations omitted). The Court may hold a party in contempt where: "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." Id. A non-party officer of a corporation may be held in contempt where such officer is "responsible for the corporation's affairs and for its disobedience" of a court order. Ferrara v. Nordev, LLC, No. 10-CV-5844, 2012 WL 1999643, at *4 (E.D.N.Y. Apr. 10, 2012), report and recommendation adopted, 2012 WL 2017501 (E.D.N.Y. May 30, 2012); see also Amerisource Corp. v. Rx USA Int'l Inc., No. 02-CV-2514, 2010 WL 2730748, at *5 (E.D.N.Y. July 6, 2010), aff'd sub nom. N.Y. Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc., 432 F. App'x 25 (2d Cir. 2011) (recognizing the Court's "inherent

power to sanction" non-party shareholder and chief executive for "litigation misconduct" and exercising such power).

"A party who violates an injunction entered by the district court faces the threat of both civil and criminal contempt." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004); see also 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none others as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1981) ("A court has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court to compensate for losses or damages." (internal quotation marks omitted)); Leser v. U.S. Bank Nat'l Ass'n, No. 09-CV-2362, 2011 WL 1004708, *6 (E.D.N.Y. Mar. 18, 2011) ("[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt.") (citations omitted)).

In light of Plaintiff's Motion for a Contempt Order, and the aforementioned applicable law, Defendant and non-party Mr. Bajraktari are **ORDERED** to appear before the Court and **SHOW CAUSE as to why Defendant and its officers and shareholders shall not be held in contempt of court and subjected to punishment by fine and/or imprisonment. The Order to Show Cause hearing shall**

3

**be held on April 30, 2024 at 1:30 P.M. in courtroom 1030 before the undersigned.** Counsel for Plaintiff is directed to serve a copy of this Order on Defendant and any officer or shareholder it seeks to have held in contempt, including Mr. Bajraktari, either personally or by an express, overnight delivery service (e.g., Federal Express) **by no later than 6:00 P.M. on Tuesday, April 16, 2024**, and file proof of said service forthwith. **Defendant and Mr. Bajraktari are ON NOTICE that failure to appear at the hearing may result in the Court granting Plaintiff's Motion for a Contempt Order resulting in the imposition of fines and/or imprisonment.**

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 15, 2024
      Central Islip, New York