```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
KING QUALITY CONSTRUCTION INC.,

                Plaintiff,            ORDER OF CONTINUED CONTEMPT and
                                      DIRECTING ISSUANCE OF WARRANT
     -against-                        21-CV-1414 (JS) (ARL)

KING SIDING & GUTTERS INC.,

                Defendant.
---------------------------------X
APPEARANCES

For Plaintiff:      Marc A. Pergament, Esq.
                    Weinberg, Gross & Pergament, LLP
                    400 Garden City Plaza, Suite 309
                    Garden City, New York 11530

For Defendant:      No appearance
```

SEYBERT, District Judge:

**WHEREAS**, this action was commenced on March 17, 2021, by Plaintiff King Quality Construction Inc. (hereafter, "Plaintiff") alleging:[1] (1) trademark infringement pursuant to 15 U.S.C. § 1114; (2) false designation of origin, false description, and false representation pursuant to 15 U.S.C. § 1125(a); (3) deceptive trade practices pursuant to N.Y. Gen. Bus. Law § 349; and

---

[1] The Court presumes the parties' familiarity with the facts underlying this case and provides herein only a summary necessary to make its ruling. For a more detailed background, refer to the transcript of the November 30, 2023 Default Judgment Hearing. (See Minute Entry, ECF No. 28.)

(4) common law unfair competition against Defendant King Siding & Gutters Inc. (hereafter, "Defendant").[2] (See Compl., ECF No. 1);

**WHEREAS**, on December 4, 2023, Default Judgment was entered in favor of Plaintiff and against Defendant. (Default Judgment Order, ECF No. 30.) The Default Judgment Order stated, in pertinent part:

> Defendant shall be permanently enjoined from using Plaintiff's marks King Quality, [the King Quality image mark],[3] and KINGWALL (collectively referred to as "the KQ Marks") for use in the fields of siding roofing and general construction services . . . Defendant shall be permanently enjoined from using any mark that is confusingly similar to the KQ Marks, including, but not limited to, Defendant's [King Siding-Gutters-Roofing-Chimneys image] mark, and the wording KING SIDING & GUTTERS or KING SIDING AND GUTTERS in any format, for use in the fields of siding, roofing and general construction services[.]

(Id. at 3);

**WHEREAS**, when Defendant failed to comply with the Default Judgment Order, Plaintiff filed a Motion for Contempt on April 5, 2024, seeking an order from this Court: (1) holding Defendant and its principal, Mr. Arjan Bajraktari in civil contempt; (2) awarding sanctions and attorneys' fees against

---

[2] The Complaint also alleges a claim for trademark dilution under 15 U.S.C. § 1125(c). Plaintiff later waived this claim. (See Default Judgment Support Memo, ECF No. 25, at 12, fn2.)

[3] To view the parties' respective image marks referenced herein, see Default Judgment Order, at 3.

Defendant and Mr. Bajraktari, and (3) such other relief as this Court deems just and proper. (See Contempt Mot., ECF No. 36-9);

**WHEREAS**, the Court found on April 30, 2024 that Defendant and Mr. Bajraktari were in civil contempt. (See M&O, ECF No. 42, at 2);

**WHEREAS**, despite finding Defendant and Mr. Bajraktari in civil contempt, the Court afforded them one, final, opportunity to purge their contempt by coming into compliance with the Default Judgment Order by May 8, 2024 (the "May 8 Deadline"). Specifically, the Court warned that if Defendant and Mr. Bajraktari failed to voluntarily purge their contempt:

> **a. For each of the first ten days after the May 8th Deadline that Defendant and Mr. Bajraktari remain in contempt, a $500.00 fine will be imposed;**
> **b. For the eleventh day past the May 8th Deadline and each day thereafter that Defendant and Mr. Bajraktari remain in contempt, the fine will be increased to $1,000.00 per day; and**
> **c. If Defendant and Mr. Bajraktari remain in contempt thirty days after the May 8th Deadline, in addition to the continued imposition of a daily $1,000.00 fine, upon Plaintiff's filing of an affidavit that Defendant's contempt has not been purged, the Court WILL issue an order directing the U.S. Marshals Service to arrest and hold Defendant's principal, Mr. Bajraktari, <u>IN CUSTODY pending the purging of Defendant's contempt</u>.**

(M&O at 2-3) (emphasis added);

**WHEARAS**, despite sufficient service of the M&O (see Certs. of Serv., ECF Nos. 43, 44), which contained the Court's explicit warning (quoted above), Defendant and Mr. Bajraktari have not purged their civil contempt (see Pergament Decl., ECF No. 48) by complying with the Default Judgment Order;

**WHEREAS**, based upon Defendant and Mr. Bajraktari's continued civil contempt of the Default Judgment Order, and non-compliance with this Court's April 30, 2024 M&O, Plaintiff requests that "this Court issue an order directing the United States Marshal's Service to arrest and hold the Defendant's principal, Mr. Bajraktari in custody pending the purging of the Defendant's contempt." (Id. at 2);

**NOW THEREFORE**, (1) having already found Defendant and Mr. Bajraktari in civil contempt; (2) finding Defendant and Mr. Bajraktari remain in contempt, having failed to purge said contempt notwithstanding the additional opportunity afforded them to do so; (3) having considered Defendant and Mr. Bajraktari were explicitly warned of the consequences of their continued civil contempt; and (4) having considered the declaration of Marc Pergament, Esq., that details Defendant and Mr. Bajraktari's continued non-compliance (see Pergament Decl. in toto);

**IT IS HEREBY ORDERED** that the Clerk of the Court issue a Warrant, contemporaneous with this Order, directing the U.S. Marshals Service to hold Arjan Bajraktari, in custody pending the

4

purging of Respondents' civil contempt as directed in the Court's April 30, 2024 M&O;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service is authorized: (1) to use all reasonable force necessary to effect the arrest of Arjan Bajraktari; and (2) to make a forceable entry into Mr. Bajraktari's residence, if required; and

**IT IS FURTHER ORDERED** that Plaintiff is to provide the U.S. Marshals Service with certified copies of: (1) this Order; (2) the Default Judgment Order (ECF No. 30); (3) the April 30, 2024 M&O (ECF No. 42); and (4) the Warrant.  It is Plaintiff's responsibility to pay the U.S. Marshals service any fee(s) charged for executing the Warrant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 17, 2024
       Central Islip, New York

5